UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS, | No. 2:22-cv-00967 AC |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a former county inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4  Franklin, 745 F.2d at 1227-28 (citations omitted).

5      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
15  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16  cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21  content that allows the court to draw the reasonable inference that the defendant is liable for the
22  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27  ////
28  ////

II.  Complaint

The complaint raises claims for copyright infringement, patent infringement, and theft of trade secrets arising out of plaintiff's receipt of mental health services from defendants while an inmate at the Sacramento County Main Jail. Plaintiff names the County of Sacramento and Diane Patterson, a mental health provider, as defendants in this action. By way of relief, plaintiff seeks the return of his manuscripts as well as monetary and punitive damages.

III.  Failure to State a Claim

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. However, in this action, plaintiff does not allege any constitutional violation. Instead, he asserts violations of patent and trademark law without actually alleging that he holds any patent or trademark. Absent a constitutional violation, he fails to state a claim that is cognizable under 42 U.S.C. § 1983. Moreover, federal law provides that "the United States Patent and Trademark Office, subject to the policy direction of the Secretary of Commerce ... shall be responsible for the granting and issuing of patents and the registration of trademarks[.]" 35 U.S.C. § 2(a). Since plaintiff does not allege that he has a patent, or even filed for one, this court lacks jurisdiction to entertain any questions concerning the inventorship of his potential patents in a manuscript. See Display Research Labs., Inc. v. Telegen Corp., 133 F. Supp. 2d 1170, 1174 (N.D. Cal. 2001) (emphasizing that "[u]ntil a patent is issued, the Court's involvement would be premature and would encroach on the administrative function of the Commissioner."). The complaint fails to state a claim for relief even liberally construing plaintiff's allegations.

IV.  No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint

cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V.  Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because a civil rights lawsuit is not the proper legal remedy for a patent and trademark infringement claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign a United States District Judge to this action.

2. In light of the recommendation to dismiss plaintiff's complaint, plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied as moot.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failing to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE